No. 23-43    *David Duff, II v. Kanawha County Commission*

**FILED**

**April 22, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Bunn, Justice, concurring in part and dissenting in part:

I concur with the new principles of law announced in the majority opinion and the majority's conclusion that the evidence presented in this case was insufficient to meet the employer's newly established burden to prove that Mr. Duff's "preexisting condition(s) contributed to [his] overall impairment after the compensable injury" and to "prove the degree of impairment attributable to [Mr. Duff's] preexisting condition(s)." Maj. Op. at 18. However, I depart from my colleagues' determination that the proper remedy is to award Mr. Duff a total Permanent Partial Disability award of 25%. The majority oversteps the role of the Court in reviewing workers' compensation cases and fails to afford the BOR decision the deference due it by increasing Mr. Duff's award based on a newly announced principle of law. The majority effectively concludes that the employer did not meet a burden of proof when the employer had no notice of this burden, and finds that the lower tribunals erred when they did not have the benefit of a fully developed evidentiary record and an opportunity to scrutinize that evidence in light of the employer's newly adopted burden of proof.

The majority opinion announces, for the first time, that the apportionment statute, West Virginia Code § 23-4-9b, imposes upon an employer the burden to prove (1)

1

that a claimant has a preexisting condition that has resulted in a definitely ascertainable impairment; (2) that this preexisting condition contributed to the claimant's overall impairment; and (3) the degree of impairment attributable to the preexisting condition. Syl. pt. 6, Maj. Op. Prior to this opinion, no such burden had been explicitly placed on an employer. Yet the majority declares that the Kanawha County Commission has failed to meet this new burden, entitling Mr. Duff to an award of 25% Permanent Partial Disability even though records from Dr. McKinney that predate Mr. Duff's latest injury show that he has suffered lower back pain and stiffness since 1999. Dr. Mukkamala, who examined Mr. Duff at the request of the claims administrator, did not review these records when he rendered his opinion regarding the level of Mr. Duff's preexisting impairment. Dr. Guberman's examination, on behalf of Mr. Duff, similarly bears no indication that Dr. Guberman reviewed Dr. McKinney's reports in recommending that Mr. Duff's entire impairment be apportioned to his June 15, 2020 injury. This omission casts doubt upon the reliability of Dr. Guberman's recommendation.

Furthermore, the newly announced standard of review applicable to this appeal affords deference to the BOR's findings of fact, specifically stating that "findings of fact made by the Board of Review are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. pt. 3, Maj. Op. While not expressly stated in Syllabus point 3 of the majority opinion, I believe the spirit of this deferential standard retains the long established role of this Court when reviewing evidence in a workers'

2

compensation appeal: "'The [C]ourt may not conduct a de novo reweighing of the evidentiary record.'" *Delbert v. Murray Am. Energy, Inc.*, 247 W Va. 367, 371, 880 S.E.2d 89, 93 (2022) (quoting W. Va. Code §§ 23-5-15(d) and (e), which applies to BOR decisions issued on or before June 30, 2022). *Accord Seymore v. Shaft Drillers Int'l, LLC*, No. 22-0376, 2024 WL 1193676, at *1 (W. Va. Mar. 20, 2024) (memorandum decision); *Rose v. Huntington Alloys Corp.*, No. 21-0743, 2013 WL 12530948, at *3 (W. Va. June 13, 2013) (memorandum decision).

Finally, pursuant to West Virginia Code § 23-5-12a(b), this Court may "remand the case for further proceedings." *See also* Syl. pt. 3, Maj. Op. In fact, the ICA, and presumptively this Court too, may,

> upon motion of any party or upon its own motion, for good cause shown, . . . remand the case to the Board of Review for the taking of such new, additional, or further evidence as . . . the court considers necessary for a full and complete development of the facts of the case . . . In addition, upon a finding of good cause, the court may remand the case to the Insurance Commissioner, other private insurance carriers, or self-insured employers, whichever is applicable, for further development. . . .

W. Va. Code § 23-5-12a(d). The majority opinion, in footnote 9, declines to address this provision because it was not addressed by the ICA or raised by the parties to this appeal. A simple explanation for the parties' failure to raise this provision either here or before the ICA is the fact that, prior to issuance of the majority's opinion, an employer's burden of proof on the issue of apportionment was not clearly defined in the law. Since there was no

3

clear authority imposing the burden of proof on the Kanawha County Commission, it had no reason to request a remand for further development of the record.

This case should have been remanded to permit the employer, the Kanawha County Commission, an opportunity to present evidence to meet its newly established burden of proof, and to allow the tribunals who are tasked with granting disability awards in workers' compensation cases to consider, in the first instance, any new evidence presented in light of the guidance provided in the majority opinion. *See, e.g., Butcher v. Parker Drilling Co.*, No. 21-0504, 2023 WL 356197, at *4 (W. Va. Jan. 23, 2023) (memorandum decision) (remanding to BOR "with directions to analyze the case under the new standard and to further develop the evidentiary record"); *Edwards v. Kanawha Cnty. Bd. of Educ.*, No. 21-0480, 2023 WL 356195, at *3 (W. Va. Jan. 23, 2023 (memorandum decision) (same).

For this reason, I respectfully concur in part and dissent in part.